# EXHIBIT A



## AMENDED AND RESTATED PAYMENT GUARANTY

THIS AMENDED AND RESTATED PAYMENT GUARANTY (this "**Agreement**") dated as of June 26, 2017 is made by JMC Platform Fund I-A, L.P., with offices located at 125 Summer Street, Boston, MA 02110, a Delaware limited partnership ("**Guarantor**"), for the benefit of Power Systems Technologies, Ltd., for itself and its affiliates, a company organized under the laws of Mauritius with offices located at Level 3, Alexander House, 35 Cybercity, Ebene, Mauritius ("**PSTL**").

### RECITALS

A. WHEREAS, the Guarantor entered into a certain PAYMENT GUARANTY with PSTL, dated June 3, 2016.

B. WHEREAS, JMC and PSTL desire to amend and restate the PAYMENT GUARANTY agreement in its entirety and enter into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants in this Agreement, the parties hereto agree as follows:;

### ARTICLE I
### NATURE AND SCOPE OF GUARANTY

Section 1.1    Guaranty of Guaranteed Obligations. Guarantor hereby irrevocably and unconditionally guarantees to PSTL the payment of the Guaranteed Obligations as and when the same shall be due and payable. Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable for the Guaranteed Obligations as a primary obligor.

Section 1.2    Definition of Guaranteed Obligations. As used herein, the term "**Guaranteed Obligations**" means any amount or amounts that may become due and payable by Unipower, LLC, a Delaware limited liability company ("Unipower") to PSTL pursuant to a bona fide invoice issued by PSTL to Unipower under, and in accordance with the terms and conditions of, the Agreement.

Section 1.3    Nature of Guaranty. This Guaranty is an irrevocable, absolute and continuing guaranty of payment and not a guaranty of collection. This Guaranty may not be revoked by Guarantor and shall continue to be effective with respect to any Guaranteed Obligations arising or created after any attempted revocation by Guarantor.

Section 1.4    Payment by Guarantor. Upon a failure by Unipower to pay any Guaranteed Obligation within thirty (30) days after notice of default by PSTL, Guarantor shall, immediately upon demand by PSTL, pay the amount due on the Guaranteed Obligations to PSTL at PSTL's address as set forth herein or as otherwise instructed by PSTL.

Section 1.5    No Duty to Pursue Others. PSTL shall not be required (and Guarantor hereby waives any rights to require PSTL), in order to enforce the obligations of Guarantor hereunder, first to institute suit or otherwise exhaust its remedies against Unipower or against any other person or entity.

Section 1.6    Payment of Expenses. If Guarantor fails to timely perform any provisions of this Guaranty, Guarantor shall reimburse PSTL for any and all reasonable and documented costs and expenses

(including court costs and reasonable attorneys' fees and expenses) incurred by PSTL in the enforcement hereof or the preservation of PSTL's rights hereunder.

## ARTICLE II
## REPRESENTATIONS AND WARRANTIES

Section 2.1    Representations and Warranties.   To induce PSTL to enter into the Agreement, Guarantor represents and warrants to PSTL that: (a) Guarantor will receive a direct or indirect benefit from the entry into the Agreement by Unipower; (b) Guarantor is familiar with, and has independently reviewed books and records regarding, the financial condition of Unipower; (c) after giving effect to this Guaranty, Guarantor is and intends to remain solvent; (d) to Guarantor's knowledge, the execution, delivery and performance by Guarantor of this Guaranty and the consummation of the transactions contemplated hereunder do not and will not contravene or conflict with any law, statute or regulation to which Guarantor is subject, or constitute a default (or which with notice, or lapse of time, or both, would constitute a default) under, or result in the breach of, any indenture, mortgage, charge, lien, or any contract or agreement to which Guarantor is a party or which may be applicable to Guarantor; (e) to Guarantor's knowledge, no approval, authorization, order, license or consent of, or registration or filing with, any federal, state, provincial or municipal court, board or other governmental or administrative agency (each, a "**Governmental Authority**") or other person or entity, and no approval, authorization or consent of any other person or entity is required in connection with this Guaranty; (f) to Guarantor's knowledge, there are no actions, suits or proceedings at law or in equity by or before any Governmental Authority or other agency now pending and served or threatened, involving or concerning Guarantor that would reasonably be expected to materially and adversely affect Guarantor's ability to perform its obligations hereunder; (g) this Guaranty is a legal, valid and binding obligation of Guarantor, and is enforceable in accordance with its terms, except as may be limited by principles of equity, bankruptcy, insolvency or other laws of general application relating to the enforcement of creditors' rights; and (h) no judgment, decree or order of any Governmental Authority has been issued against Guarantor that would reasonably be expected to materially and adversely affect Guarantor's ability to perform its obligations hereunder.

## ARTICLE III
## SUBORDINATION OF CERTAIN INDEBTEDNESS

Section 3.1    Subordination of All Guarantor Claims.   As used herein, the term "**Guarantor claims**" shall mean any and all debts and liabilities of Unipower owed to Guarantor, whether now existing or hereafter incurred, including, all rights and claims of Guarantor against Unipower (arising as a result of subrogation or otherwise) as a result of Guarantor's payment of all or any portion of the Guaranteed Obligations up to and not to exceed $5.0 million.

Section 3.2    Payments Held in Trust.   If, notwithstanding anything to the contrary contained in this Guaranty, Guarantor should receive any funds, payment, claim or distribution which is prohibited hereunder, Guarantor covenants and agrees to hold in trust for PSTL an amount up to and not to exceed $5.0 million of outstanding Guaranteed Obligations, and Guarantor acknowledges and agrees that it shall have absolutely no dominion over the amount of such funds, payments, claims or distributions so received, except to pay them promptly to PSTL, and Guarantor hereby covenants and agrees promptly to pay the same to PSTL.

Section 3.3    Liens Subordinate; Standstill. Guarantor acknowledges and agrees that any liens, security interests, judgment liens, charges or other encumbrances that Guarantor may have upon Unipower's assets securing payment of the Guarantor Claims shall be and remain inferior and subordinate to any liens, security interests, judgment liens, charges or other encumbrances upon Unipower's assets securing payment of the Guaranteed Obligations, regardless of whether such encumbrances in favor of Guarantor or PSTL presently exist or are hereafter created or attach. Guarantor shall not (a) exercise or enforce any creditor's right it may have against Unipower, or (b) foreclose. repossess. sequester or otherwise take steps or institute any action or proceedings (judicial or otherwise, including, without limitation, the commencement of, or joinder in, any liquidation, bankruptcy, rearrangement, debtor's relief or insolvency proceeding) to enforce any liens, mortgages, deeds of trust, security interests, collateral rights, judgments or other encumbrances on assets of Unipower held by Guarantor.

## ARTICLE IV
## MISCELLANEOUS

Section 4.1    Termination. This Guaranty shall automatically terminate and be of no further force or effect, and Guarantor shall be released from all liability hereunder, upon the earliest to occur of (a) the termination of the Agreement, provided that no Guaranteed Obligations remain outstanding, (b) ninety (90) days following the receipt of written notice of Guarantor's ceasing to own, directly or indirectly, any equity interest in Unipower or (c) the mutual written agreement of Guarantor and PSTL.

Section 4.2    Waiver. No failure to exercise, and no delay in exercising, on the part of PSTL, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of PSTL hereunder shall be in addition to all other rights provided by law. No notice or demand given in any case shall constitute a waiver of the right to take other action in the same, similar or other instances without such notice or demand.

Section 4.3    Notices. All notices required or permitted hereunder shall be given and shall become effective as provided below of the Agreement; provided, however, that notices to Guarantor shall be addressed to:

> JMC Platform Fund I-A, L.P.
> 125 Summer Street, Suite 1840
> Boston, Massachusetts 02110
> Attention: G. Lawrence Bero

with copy to:            Goodwin Proctor LLP
                         100 Northern Avenue
                         Boston, Massachusetts 02210
                         Attn: Michael J. Kendall, Esq.

A party receiving a notice which does not comply with the technical requirements for notice under this Section 4.3 may elect to waive any deficiencies and treat the notice as having been properly given. A notice shall be deemed to have been given: (a) in the case of hand delivery, at the time of delivery; (b) in the case of registered or certified mail, when delivered or the first attempted delivery on a business day; or (c) in the case of expedited prepaid delivery upon the first attempted delivery on a business day. Notice for any party may be given by its respective counsel. Each party may change its information for notices by delivery of written notice as provided in this Section 4.3.

Section 4.4   Governing Law; Submission to Jurisdiction. This Guaranty shall be governed in accordance with the laws of the state of Delaware.

Section 4.5   Severability. Wherever possible, each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

Section 4.6   Modification; Waiver in Writing. No modification, amendment, extension, discharge, termination or waiver of any provision of this Guaranty, nor consent to any departure by Guarantor therefrom, shall in any event be effective unless the same shall be in a writing signed by the party against whom enforcement is sought, and then such waiver or consent shall be effective only in the specific instance, and for the purpose, for which given.

Section 4.7   Number and Gender. All references to sections contained herein are to sections of this Guaranty unless otherwise specified. Unless otherwise specified, the words "hereof," "herein" and "hereunder" and words of similar import when used in this Guaranty shall refer to this Guaranty as a whole and not to any particular provision, article, section or other subdivision of this Guaranty. Unless otherwise specified, all meanings attributed to defined terms herein shall be equally applicable to both the singular and plural forms of the terms so defined. Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

Section 4.8   Headings. The headings and captions of various paragraphs of this Guaranty are for the convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

Section 4.9   Counterparts. This Guaranty may be executed in several counterparts, each of which shall be deemed an original instrument and all of which together shall constituted a single Guaranty.

Section 4.10   Entire Agreement. This Guaranty embodies the final, entire agreement of Guarantor and PSTL with respect to Guarantor's guaranty of the Guaranteed Obligations and supersedes any and all other prior commitments, agreements, representations, and understandings, whether written or oral, relating to the subject matter hereof. This Guaranty is intended by Guarantor and PSTL as a final and complete expression of the terms of the Guaranty, and no course of dealing between Guarantor and PSTL, no course of performance, no trade practices, and no evidence of prior, contemporaneous or subsequent oral agreements or discussions or other extrinsic evidence of any nature shall be used to contradict, vary, supplement or modify any term of this Guaranty. There are no oral agreements between Guarantor and PSTL with respect to the subject matter hereof.

Section 4.11   <u>Waiver of Right to Trial by Jury</u>.  GUARANTOR AND PSTL (BY ITS ACCEPTANCE HEREOF) HEREBY AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVE ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS GUARANTY, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH (OTHER THAN COMPULSORY COUNTERCLAIMS). THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND PSTL, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. GUARANTOR AND PSTL ARE HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY THE OTHER.

*****



IN WITNESS WHEREOF, the undersigned has executed this Guaranty as of the day and year first above written.

**GUARANTOR:**

JMC PLATFORM FUND I-A, L.P.
a Delaware limited partnership

By: _____

Name: G. Lawrence Bero
Title: Treasurer

AGREED AND ACCEPTED:

Power Systems Technologies, Ltd.
a Mauritius Corporation

By: _____

Name: Manny Marimuthu
Title: Managing Director

*Signature Page to Payment Guaranty*