IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER SYSTEMS TECHNOLOGIES, LTD., | ) ) ) | **REDACTED- PUBLIC VERSION**[1] |
| Plaintiff, | ) ) | C.A. No. 20-016-CFC |
| v. | ) ) | ███████████████ |
| JMC PLATFORM FUND I-A, L.P., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS FIRST
MOTION FOR SUMMARY JUDGMENT (NO BREACH)**

<div style="text-align:right">

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant*

</div>

Dated: August 24, 2021

---

[1] These redactions are made solely at the request of PSTL.

# Table of Contents

Table of Authorities ................................................................................... ii

Nature and Stage of the Proceedings ......................................................... 1

Summary of the Argument ........................................................................ 1

Statement of Undisputed Facts ................................................................. 2

    A. JMC is only liable for "Guaranteed Obligations" ........................... 2

    B. PSTL irrevocably assigned all right, title, and interest in its Unipower receivables to Flex Jersey ................................................................ 3

    C. The course of dealing between Unipower and PSTL confirms that PSTL transferred ownership of these receivables to Flex Jersey ............................ 6

    D. The assignment includes all invoices at issue in this litigation ...................... 7

Argument .................................................................................................. 8

    I. Legal Standard .................................................................................. 8

    II. PSTL cannot establish that JMC breached an obligation imposed by the Guaranty because amounts owed by Unipower to Flex Jersey are not "Guaranteed Obligations" ................................................................. 9

Conclusion ............................................................................................. 10

i

# Table of Authorities

**Cases**                                                                **Page**

*Amboy Nat'l Bank v. Generali,*
  930 F. Supp. 1053 (D.N.J. 1996) ............................................................8

*JFE Steel Corp. v. ICI Ams., Inc.,*
  797 F. Supp. 2d 452 (D. Del. 2011) .................................................8, 10

*Lerman v. Joyce Int'l, Inc.,*
  10 F.3d 106 (3d Cir. 1993) ......................................................................8

*Nickell v. United States,*
  355 F.2d 73 (10th Cir. 1966) .............................................................9, 10

*Schaub v. Geico Ins. Co.,* C.A. No. 14-5570 (MAS)(LHG),
  2015 U.S. Dist. LEXIS 69567 (D.N.J. May 29, 2015) ..........................8

*VLIW Tech., LLC v. Hewlett-Packard Co.,*
  840 A.2d 606 (Del. 2003) ........................................................................8

## Nature and Stage of the Proceedings

This is an action to collect payment under a guaranty brought by Power Systems Technologies, Ltd. ("PSTL") against JMC Platform Fund I-A, L.P. ("JMC").   PSTL is a subsidiary of Flex Ltd., an international manufacturing conglomerate.   JMC is a Boston-based private equity firm.   One of JMC's portfolio companies is Unipower, LLC ("Unipower"); Unipower manufactures a variety of power system solutions for the telecom industry.

In 2016, PSTL and Unipower entered into a Manufacturing Services Agreement (the "MSA"), under which PSTL was to manufacture products for Unipower at a manufacturing facility in China.   On December 5, 2017, PSTL and JMC entered into a Second Amended and Restated Payment Guaranty (the "Guaranty").   The Guaranty allows PSTL to collect from JMC if Unipower defaults on certain payment obligations to PSTL.

## Summary of the Argument

1.     To prove that JMC breached the Guaranty under Delaware law, PSTL must establish that JMC breached an obligation imposed by the Guaranty and that PSTL suffered damages.   PSTL alleges that JMC breached its duty to pay "Guaranteed Obligations" under the Guaranty, which are limited to amounts "due and payable by Unipower, LLC . . . to PSTL[.]"

1

2.      PSTL irrevocably transferred all right, title, and interest in the underlying receivables to another entity, Flex Jersey Limited ("Flex Jersey"), before PSTL sought payment under the Guaranty.

3.      Because PSTL's assignment to Flex Jersey extinguished PSTL's ownership interest in its invoices, PSTL's claims are not for amounts "due and payable . . . to PSTL" and are therefore not "Guaranteed Obligations." Thus, no reasonable factfinder could find that JMC breached its contract with PSTL.

## Statement of Undisputed Facts

### A.      JMC is only liable for "Guaranteed Obligations."

The Guaranty provides that:

> Upon a failure by Unipower to pay any Guaranteed Obligation within thirty (30) days after notice of default by PSTL, [JMC] shall . . . pay the amount due on the Guaranteed Obligations to PSTL[.]

(A067, § 1.4) (emphasis added).

The Guaranty defines "Guaranteed Obligations" as:

> any amount or amounts that may become due and payable by Unipower . . . to PSTL pursuant to a bona fide invoice issued by PSTL to Unipower under, and in accordance with the terms and conditions of, the [Manufacturing Services] Agreement.

(A067, § 1.2) (emphasis added).[1]

---

[1] If the Court denies summary judgment, JMC will dispute at trial whether PSTL's invoices were bona fide (as the evidence shows they were issued in bad faith) and whether PSTL issued its invoices "under, and in accordance with the terms and conditions of, the [MSA]."

2

The Guaranty is governed by Delaware law.  (A070, § 4.4).

**B.    PSTL irrevocably assigned all right, title, and interest in its Unipower receivables to Flex Jersey.**

Each invoice at issue states that "all right, title and interest in the receivable" has been assigned to Flex Jersey.  *See infra* Statement of Facts, § C.  JMC requested that PSTL produce the underlying assignment agreements in discovery.  (A113). PSTL produced three agreements in response, including an "Amended and Restated Mauritius Receivables Securitisation Agreement" with a last-amended date of December 22, 2016 (the "Receivables Agreement").  (A001).

The Receivables Agreement defines PSTL as the "Mauritius Power Systems Originator" and the "Mauritius Power Systems Local Servicer" (A003, preamble ¶ 3), and includes PSTL under the umbrella terms "Originator" and "Local Servicer".  (A003, preamble ¶ 5).  It further defines "Flex Jersey Limited" as the "Jersey SPV".  (A003, preamble ¶ 6).

The Receivables Agreement provides that ███████████████████ ████████████████████████████████████████████████████████ ████████████ (A004, background ¶ A).  The agreement defines "Receivables" as:



---

[2] The Receivables Agreement does not define "Obligor," but as discussed below, PSTL's course of conduct made clear that Unipower is an "Obligor" under the Receivables Agreement.  *See infra* Statement of Facts, § C.



(A005-06, § 1.2 (emphasis added)).

Pursuant to section 3.1:



---

[3] The Receivables Agreement does not ascribe a date certain to "Sale Effective Date" (A020-22, § 18), but PSTL's course of conduct confirmed that any Receivables owed by Unipower were in fact assigned to Flex Jersey. *See infra* Statement of Facts, § C.

[4] The Receivables Agreement does not define "Excluded Receivables." The course of conduct between PSTL and Unipower, however, demonstrates that the invoices at issue in this litigation are not Excluded Receivables. *See infra* Statement of Facts, § C.



(A008, § 3.1 (underlining added)).

Section 3.4 confirms the transfer of PSTL's right, title, and interest in all amounts owed by Unipower as soon as those amounts accrued, even before PSTL sent its invoices to Unipower:



(A009, § 3.4 (emphasis added)).

Section 3.6 confirms that after the Receivable accrues, Flex Jersey owns the Receivable free and clear of any encumbrance:





(A009, § 3.6 (emphasis added)).

### C.   The course of dealing between Unipower and PSTL confirms that PSTL transferred ownership of these receivables to Flex Jersey.

Each invoice at issue contained the notice of assignment required by the Receivables Agreement:

> This is to notify you that Power Systems Technologies Ltd. <u>has assigned all its right, title and interest in the receivable under this invoice to Flex Jersey Ltd.</u>  You are instructed to <u>make payment to Flex Jersey Ltd.</u>, account no. 1291469330, SWIFT: BOFAUS3N with Bank of America.  This invoice and all amounts due and payable hereunder shall be governed by the laws of Mauritius.

(A078-108 (emphasis added); *cf.* A009, § 3.5 (requiring PSTL to include this language in all future invoices to Obligors)).[5]  This confirms that PSTL had transferred the receivable reflected in each invoice to Flex Jersey before the invoice was issued.  It also confirms that Unipower is an "Obligor" under the Receivables Agreement, and that the amounts at issue are not "Excluded Receivables."

PSTL ensured that Unipower paid all invoices to Flex Jersey, as PSTL was required to do by the Receivables Agreement.  On January 22, 2018, a member of

---

[5] The Receivables Agreement uses the term "transferred" rather than "assigned." (A009, § 3.5).

6

Flex's invoicing team instructed Unipower "to pay in Flex Jersey account" [sic]. (A073).

PSTL confirmed the assignment again on July 10, 2019, when the same member of Flex's invoicing team wrote that "we have assigned to Flex Jersey Limited[] our right to receive payments from you." (A109). He attached a generic letter from PSTL's sole officer and director, Manny Marimuthu, dated June 19, 2019, which states:

> This notice is to inform you that <u>we have assigned to Flex Jersey Limited our rights to receive payments from you</u>, in conjunction with our Asset Backed Securitization funding program.

(A110 (emphasis added)).

### D. The assignment includes all invoices at issue in this litigation.

PSTL claims that JMC is required to pay $4,153,967 for excess and obsolete inventory, as well as $256,860.88 for finished goods and other materials. (D.I. 29, ¶ 9; A116).[6]  Each invoice at issue states that all right, title, and interest in the underlying receivable has been assigned to Flex Jersey. (*Compare* A116, *with* A078-108).

---

[6] The letter attached at A116 reflects PSTL's current demand for excess and obsolete inventory, which is lower than the amount demanded in its amended complaint.

## Argument

## I.    Legal Standards

The elements of a breach-of-contract claim under Delaware law are:

> first, the existence of the contract, whether express or implied;
> second, the breach of an obligation imposed by that contract; and
> third, the resultant damage to the plaintiff.

*See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

With respect to assignments:

> Traditionally, when interests are assigned to another, "an assignee
> is but a substitute for the assignor possessing all of the rights and
> obligations formerly enjoyed by the assignor." . . .  "[T]he act of
> assignment itself extinguishes all of the assignor's rights in
> everything that is being assigned."

*Schaub v. Geico Ins. Co.*, C.A. No. 14-5570 (MAS)(LHG), 2015 U.S. Dist. LEXIS

69567, at *6-7 (D.N.J. May 29, 2015) (quoting *Amboy Nat'l Bank v. Generali*, 930

F. Supp. 1053, 1059 (D.N.J. 1996)); *see also JFE Steel Corp. v. ICI Ams., Inc.*, 797

F. Supp. 2d 452, 465 (D. Del. 2011) (noting Third Circuit law stating that

"assignments extinguish assignor's right to assert legal claims") (citing *Lerman v.*

*Joyce Int'l, Inc.*, 10 F.3d 106, 112-13 (3d Cir. 1993)).

Case 1:20-cv-00016-CFC   Document 104   Filed 08/31/21   Page 12 of 16 PageID #: 3073

**II.    PSTL cannot establish that JMC breached an obligation imposed by the Guaranty or that PSTL suffered damages because amounts owed by Unipower to Flex Jersey are not "Guaranteed Obligations."**

The undisputed material facts demonstrate that PSTL cannot establish that JMC breached an obligation imposed by the Guaranty or that PSTL suffered damages:

1.    Under the Guaranty, JMC is liable for "Guaranteed Obligations." (A067, §§ 1.1, 1.4).

2.    "Guaranteed Obligations" are "any amount or amounts that may become due and payable by Unipower . . . to PSTL pursuant to a bona fide invoice issued by PSTL to Unipower under, and in accordance with the terms and conditions of, the" MSA.  (A067, § 1.2).

3.    PSTL assigned all right, title, and interest in any amounts due and payable by Unipower to Flex Jersey.  (A005-06, § 1.2; A008, § 3.1; A009, § 3.4; A078-108; A073; A109-10).

4.    PSTL's assignment to Flex Jersey is "absolute and irrevocable[.]" (A009, § 3.6).

To the extent that PSTL sent any invoices to Unipower, Unipower must pay Flex Jersey, not PSTL.  If Unipower (or JMC) pays PSTL, Unipower will still owe— and Flex Jersey can still collect—on the invoice.  *Nickell v. United States*, 355 F.2d 73, 76 (10th Cir. 1966) ("A debtor who pays the assignor with notice of the

assignment is of course not absolved from liability to the assignee."); *JFE Steel*, 797 F. Supp. 2d at 465 ("assignments extinguish assignor's right to assert legal claims").

The undisputed assignment to Flex Jersey prevents PSTL from establishing the second and third elements of its breach-of-contract claim. JMC has not breached its obligation to PSTL to pay "Guaranteed Obligations" because any amounts "due and payable by Unipower" are owed to Flex Jersey—not to PSTL. *See JFE Steel*, 797 F. Supp. 2d at 465. Likewise, even if "amounts due and payable by Unipower . . . to PSTL" could include receivables assigned to Flex Jersey (contrary to the plain language of the Guaranty), the entity damaged by JMC's alleged breach would be Flex Jersey—not PSTL. Indeed, payment of the invoices to PSTL <u>does not</u> extinguish Flex Jersey's right to collect. *Nickell*, 355 F.2d at 76; *JFE Steel*, 797 F. Supp. 2d at 465.

## Conclusion

PSTL irrevocably assigned all right, title, and interest in the underlying receivables to Flex Jersey. Because PSTL cannot establish the existence of any "amounts due and payable by Unipower . . . to PSTL[,]" it cannot prove that JMC breached an obligation imposed by the Guaranty or that PSTL suffered damages as a result. The Court should therefore enter judgment for JMC.

/s/ David M. Fry
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com

Dated: August 24, 2021                          *Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 2,307 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

<div style="margin-left:40%">

*/s/ David M. Fry*          
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawekeller.com
dfry@shawkeller.com
*Attorneys for Defendant*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, David M. Fry, hereby certify that on August 24, 2021, this document was

served on the persons listed below in the manner indicated:

**<u>BY EMAIL</u>**

William M. Alleman, Jr.
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF LLP
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
(302) 442-7010
walleman@beneschlaw.com

Andrew J. Jarzyna
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF LLP
71 South Wacker Drive, Suite 1600
 Chicago, IL 60606
(312) 212-4950
ajarzyna@beneschlaw.com


*/s/ David M. Fry*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant*