# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

POWER SYSTEMS TECHNOLOGIES, LTD.,  )
                                           )

           Plaintiff,  )

                                           )

   v.  )   C.A. No. 20-016-CFC

                                           )

JMC PLATFORM FUND I-A, L.P.,  )   **PUBLIC VERSION –**

                                         )   **FILED AUGUST 31,**

           Defendant.  )   **2021**

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING UNPAID INVOICES ("UNPAID INVOICES CLAIM")

William M. Alleman, Jr. (No. 5449)
**BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP**
1313 N. Market Street, Suite 1201
Wilmington, DE 19801-1611
Phone: (302) 442-7010
Email:  walleman@beneschlaw.com

Of Counsel:
Andrew J. Jarzyna (*pro hac vice*)
**BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Il 60606
Phone: (312) 212-4950
Email:  ajarzyna@beneschlaw.com

*Attorneys for Plaintiff Power Systems
Technologies, Ltd.*

Dated:  August 24, 2021

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

TABLE OF EXHIBITS ........................................................................ iv

NATURE AND STAGE OF THE PROCEEDINGS .............................................1

INTRODUCTION AND SUMMARY OF ARGUMENT .......................................2

STATEMENT OF MATERIAL FACTS ...................................................4

    I.      The Agreement for Manufacturing Services. ......................................4

    II.     The Unpaid Invoices. ..............................................................5

    III.    The Second Amended and Restated Payment Guaranty
          by JMC. ..........................................................................7

    IV.    PSTL's Notices and Demands, and JMC's Failure to Pay. ................8

ARGUMENT ..............................................................................8

    I.      The Summary Judgment Standard. .......................................8

    II.     Unipower Is in Default under the MSA. .................................9

    III.    JMC Is Liable for the Unpaid Invoices Under the
          Guaranty. ......................................................................11

    IV.    JMC's Failure to Pay the Unpaid Invoices Is a Breach of
          the Guaranty. ..................................................................13

CONCLUSION .........................................................................17

i

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................9

*CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*,
   2020 WL 2063924 (D. Del. Apr. 29, 2020) ......................................15

*El v. Capiak*,
   2019 WL 4572854 (D. Del. Sept. 20, 2019) ......................................9

*Humanigen, Inc. v. Savant Neglected Diseases, LLC*,
   238 A.3d 194 (Del. Super. Ct. 2020)...............................................13

*JFE Steel Corp. v. ICI Americas, Inc.*,
   797 F. Supp. 2d 452 (D. Del. 2011) ................................................11

*Jones v. Pierce*,
   2019 WL 6309854 (D. Del. Nov. 25, 2019) ......................................9

*Jordan v. Mirra*,
   2019 WL 7037480 (D. Del. Dec. 20, 2019).......................................13

*Lorillard Tobacco Co. v. Am. Legacy Found.*,
   903 A.2d 728 (Del. 2006).............................................................11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ..................................................................9

*S.C. Johnson & Son, Inc. v. Dowbrands, Inc.*,
   167 F. Supp. 2d 657 (D. Del. 2001) ................................................14

*Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*,
   2021 WL 1170374 (D. Del. Mar. 29, 2021).......................................13

## <u>Other Authorities</u>

Fed. R. Civ. P. 56(a)....................................................................................8

Black's Law Dictionary  (11th ed. 2019) ...............................................11

https://www.merriam-
    webster.com/dictionary/bona%20fide?src=search-dict-hed.............................12

## TABLE OF EXHIBITS

| Exhibit No. | DESCRIPTION | APPENDIX RANGE |
|---|---|---|
| | Declaration of Trevor J. Illes in Support of Plaintiff's Motion for Partial Summary Judgment Regarding Unpaid Invoices ("Unpaid Invoices Claim") | |
| 1. | Agreement for Manufacturing Services, dated July 15, 2016, between Power Systems Technologies, Ltd. and Unipower, LLC | A001 - A024 |
| 2. | Second Amended and Restated Payment Guaranty, dated December 5, 2017 | A025 - A031 |
| 3. | Unipower Purchase Order 092006, dated May 4, 2018 | A032 - A033 |
| 4. | Unipower Purchase Order 092005, dated May 4, 2018 | A034 - A035 |
| 5. | Unipower Purchase Order 096181, dated March 28, 2019 | A036 - A037 |
| 6. | PSTL Invoice 850/40000093, dated April 8, 2019 | A038 - A040 |
| 7. | PSTL Invoice 850/40000173, dated April 12, 2019 | A041 - A043 |
| 8. | PSTL Invoice 850/40000175, dated April 12, 2019 | A044 - A046 |
| 9. | PSTL Invoice 850/40000176, dated April 12, 2019 | A047 - A049 |
| 10. | PSTL Invoice 850/40000174, dated April 12, 2019 | A050 - A052 |
| 11. | PSTL Invoice 850/40000177, dated April 12, 2019 | A053 - A055 |
| 12. | PSTL Invoice 850/40000399, dated April 22, 2019 | A056 - A058 |
| 13. | June 5, 2019 notice of default sent by PSTL to Unipower's CFO, William Kirk | A059 - A061 |
| 14. | July 11, 2019 demand letter sent by PSTL to JMC, care of Mr. Lawrence Bero | A062 - A064 |

| 15. | Unipower Purchase Order 097411, dated August 7, 2019 | A065 - A066 |
|---|---|---|
| 16. | August 2019 email chain between representatives of PSTL and Unipower relating to Unipower Purchase Order 097411 | A067 - A071 |
| 17. | PSTL Invoice 850/40002974, dated August 9, 2019 | A072 - A074 |
| 18. | September 2019 email chain between representatives of PSTL and Unipower relating to Unipower Purchase Order 097747 | A075 - A078 |
| 19. | Unipower Purchase Order 097747, dated September 20, 2019 | A079 - A089 |
| 20. | PSTL Invoice 850/40003939, dated September 24, 2019 | A090 - A092 |
| 21. | PSTL Invoice 850/40004003, dated September 25, 2019 | A093 - A102 |
| 22. | 2019 email chain (ending on December 11, 2019) between representatives of PSTL and Unipower relating to PSTL's past-due invoices to Unipower | A103 - A124 |
| 23. | Excerpted transcript portions from the March 24, 2021 deposition of Mr. Larry Bero | A125 - A133 |
| 24. | Excerpted transcript portions from the March 30, 2021 deposition of Mr. William Kirk | A134 - A144 |
| 25. | April 14, 2021 demand letter, sent by PSTL to Unipower's CFO | A145 - A147 |
| 26. | May 24, 2021 demand letter, sent by PSTL to JMC care of Mr. Lawrence Bero | A148 - A151 |
| 27. | Table of Monthly Interest Owed on Unpaid Invoices prepared by Plaintiff's Counsel on August 19, 2021 | A152 - A160 |

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

This is an action to recover amounts due under a payment guaranty that Defendant JMC Platform Fund I-A, L.P. ("JMC") gave for the benefit of Plaintiff Power Systems Technologies, Ltd. ("PSTL").  PSTL and JMC's affiliate, Unipower, LLC ("Unipower"), were parties to an Agreement for Manufacturing Services (the "MSA").  JMC guaranteed, pursuant to a Second Amended and Restated Payment Guaranty dated December 5, 2017 (the "Guaranty"), the payment of any amount that may become due and payable by Unipower to PSTL pursuant to a bona fide invoice issued by PSTL under and in accordance with the terms of the MSA.  Despite that unequivocal Guaranty, JMC has refused PSTL's repeated demands for payment of amounts owed by Unipower under the MSA.

PSTL filed this action against JMC on January 7, 2020.  (D.I. 1).  In total, this action seeks payment of approximately $4.4 million pursuant to the Guaranty, comprised of (i) approximately $4.1 million for excess and obsolete inventory that is Unipower's responsibility under the MSA; and (ii) $256,860.88 related to unpaid invoices for goods delivered by PSTL to Unipower, plus interest and fees.  JMC answered PSTL's complaint on February 28, 2020.  (D.I. 6).  On October 14, 2020, PSTL filed an amended complaint (D.I. 29), which JMC answered on October 28, 2020 (D.I. 30).  Discovery has closed.

This is PSTL's motion for partial summary judgment against JMC related to certain invoices that Unipower has not paid, for which there is no reasonable dispute of fact. Specifically, this motion relates to $232,577.09 of the total of $256,860.88 in unpaid invoices for goods that PSTL delivered to Unipower.[1] In addition to the invoiced amounts, PSTL seeks payment of interest, costs, and expenses (including reasonable attorneys' fees) pursuant to the terms of the parties' agreements.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The basis for this Motion is simple. Pursuant to the MSA, PSTL agreed to procure necessary parts and manufacture products for its customer, Unipower. In 2019, PSTL invoiced Unipower for $256,860.88 worth of products and parts manufactured and procured, respectively, at Unipower's request, for which Unipower has refused to pay. Unipower does not dispute PSTL's invoices relating to $232,577.09 of this unpaid balance, and Unipower's accounting department has independently validated and agreed with all of PSTL's invoices subject to this Motion. Nevertheless, Unipower's balance remains outstanding.

JMC guaranteed Unipower's obligations to PSTL under the Guaranty. JMC admitted at the deposition of its corporate designee that JMC was obligated to, and

---

[1] Contemporaneously herewith, PSTL is filing a separate motion for summary judgment related to a portion of the approximately $4.1 million of excess and obsolete inventory for which there is no factual dispute.

would, pay under the Guaranty any amounts that Unipower owed to PSTL pursuant

to a bona fide invoice issued by PSTL:

> Q:  But if Unipower admits that they owe it, but doesn't pay it, would
> JMC honor its obligations under the guarantee and pay it?
>
> A:  I don't know of any reason why Unipower wouldn't pay it, but if
> it's a bona fide invoice and for some reason, Unipower didn't pay it,
> that's what the guarantee is there for.
>
> Q:  So JMC would honor these obligations and pay for the $256,000 if
> that's true?
>
> A:  If it's bona fide and Unipower recognizes that it is bona fide and for
> some reason Unipower doesn't pay it, yes.

SOF ¶ 43; *see* A129-30 (Bero Tr. 196:19-197:9 (objections omitted)).[2]

There are no reasonably disputable questions of fact or law, and summary

judgment in PSTL's favor is appropriate.   PSTL is entitled to partial summary

judgment on its breach of contract claim against JMC for the following reasons:

> (1)   In 2019, Unipower ordered certain products and parts from PSTL at a
> price of $232,577.09, for which PSTL issued corresponding invoices in
> the amount of $232,577.09 (SOF ¶¶ 5-29);
>
> (2)   Unipower has failed to pay PSTL's invoices in the amount of
> $232,577.09 (*E.g.*, *id.* ¶ 35);
>
> (3)   Unipower's accounting department validated and agreed with all of the
> invoices comprising the $232,577.09 in unpaid invoices at issue (*id.* ¶
> 30);

---

[2]   Citations to "SOF" refer to PSTL's Concise Statement of Facts submitted with
this Motion.   Citations to "A___" refer to PSTL's Appendix submitted with
its Concise Statement of Facts.

(4)     JMC, which owns an interest in Unipower, signed and gave the Guaranty to PSTL (*id.* ¶ 36);

(5)     PSTL has issued default notices and demands to Unipower and JMC under the MSA and Guaranty, respectively (*id.* ¶¶ 32-34, 41-42);

(6)     Despite these default notices and demands, JMC has refused to pay Unipower's outstanding balance (*id.* ¶ 44);

(7)     As a matter of law and the parties' agreements, PSTL is entitled to recover $232,577.09 in damages from JMC, along with interest and reasonable costs and fees (including attorneys' fees).

## STATEMENT OF MATERIAL FACTS

### I.     The Agreement for Manufacturing Services.

PSTL and Unipower were parties to the MSA, pursuant to which PSTL agreed to procure parts and manufacture products that Unipower could resell or license to its customers.   SOF ¶¶ 1-2.   Under the MSA, Unipower issued purchase orders ("POs") to PSTL for various parts and products.   *Id.* ¶¶ 5, 10, 13, 22, 27.   The MSA defines "Purchase Order" as a document issued "for the purpose of ordering Products or Parts to be manufactured and/or procured pursuant to" the MSA.   *Id.* ¶ 3.

In response to Unipower's POs, PSTL would invoice Unipower.   *See* SOF ¶ 4.   The MSA requires Unipower to pay PSTL's invoices within 60 days.   *Id.*   In the event Unipower failed to comply with these terms, Unipower would be subject to 1.5% monthly interest for all outstanding payments owed to PSTL.   *Id.*

4

## II.  The Unpaid Invoices.

Unipower issued PO 092006 dated May 4, 2018, to order from PSTL, among other things, 1,483 units of item FMP20.24S101G.  SOF ¶ 5.  On April 8, 2019, PSTL issued Invoice #850/40000093 in the amount of $39,462.24 for 304 units of FMP20.24S101G related to PO 092006.  *Id.* ¶ 6.  While Unipower paid a portion of this invoice on November 29, 2019, a balance of $1,109.67 remains outstanding.  *Id.* ¶ 7.

Between April 2019 and September 2019, PSTL issued, as relevant here, nine more invoices to Unipower for various quantities of products and parts ordered pursuant to Unipower's POs.  Specifically, PSTL issued

- Invoice #850/40000174 dated April 12, 2019 in the amount of $33,231.36 (SOF ¶ 8);

- Invoice #850/40000177 dated April 12, 2019 in the amount of $21,780.00 (*id.* ¶ 11);

- Invoice #850/40000175 dated April 12, 2019 in the amount of $1,998.00 (*id.* ¶ 14);

- Invoice #850/40000176 dated April 12, 2019 in the amount of $24,502.50 (*id.* ¶ 16);

- Invoice #850/40000173 dated April 12, 2019 in the amount of $34,789.08 (*id.* ¶ 18);

- Invoice #850/40000399 dated April 22, 2019 in the amount of $2,596.20 (*id.* ¶ 20);

- Invoice #850/40002974 dated August 9, 2019 in the amount of $38,035.63 (*id*. ¶ 23);

- Invoice #850/40003939 dated September 24, 2019 in the amount of $325.00 (*id.* ¶ 25); and

- Invoice #850/40004003 dated September 25, 2019 in the amount of $74,209.65 (*id.* ¶ 28).

None of the foregoing nine invoices have been paid.  *Id.* ¶¶ 9, 12, 15, 17, 19, 21, 24, 26, 29.

Together, the unpaid principal balances of these ten invoices (the "Unpaid Invoices") total $232,577.09.  SOF ¶ 35.

Unipower does not dispute the Unpaid Invoices.  SOF ¶¶ 30-31.  Mr. William Kirk, Unipower's CFO when the Unpaid Invoices were issued (and Unipower's designated corporate witness in this litigation), testified that Unipower's "accounting department validated and agreed with" each of the invoices listed above, and that he could not "think of a reason why [Unipower's outstanding balance to PSTL] wasn't paid."  *Id.* ¶¶ 30-31; *see* A137-39 (Kirk Tr. 66:24-67:18; 68:20-24).

### III.    The Second Amended and Restated Payment Guaranty by JMC.

Pursuant to the Guaranty, JMC "irrevocably and unconditionally" guaranteed to PSTL payment of the "Guaranteed Obligations as and when the same shall be due and payable," and "irrevocably and unconditionally covenant[ed] and agree[d] that it is liable for the Guaranteed Obligations" as a "primary obligor."  SOF ¶ 37.  The Guaranty defines "Guaranteed Obligations" as

> any amount or amounts that may become due and payable by Unipower … to PSTL pursuant to a bona fide invoice issued by PSTL to Unipower under, and in accordance with the terms and conditions of, the [MSA].

*Id.* ¶ 38.

Section 1.4 of the Guaranty provides that upon Unipower's failure to pay any Guaranteed Obligation within 30 days of a notice of default, JMC "shall, *immediately upon demand by PSTL*, pay the amount due on the Guaranteed Obligations to PSTL."  SOF ¶ 39 (emphasis added).

The Guaranty also provides that should JMC fail to timely perform any provisions of the Guaranty, JMC shall "reimburse PSTL for any and all reasonable and documented costs and expenses (including court costs and reasonable attorneys' fees and expenses) incurred by PSTL" in enforcing or preserving PSTL's rights under the Guaranty.  SOF ¶ 40.

As noted above, Mr. Lawrence Bero, JMC's Founder and Partner, and designated corporate witness in this action, acknowledged that JMC is liable under

the Guaranty for any bona fide invoices issued by PSTL to Unipower in accordance with the MSA that Unipower fails to pay.  SOF ¶ 43; *see* A129-30 (Bero Tr. 196:23-197:2) ("[I]f it's a bona fide invoice and for some reason, Unipower didn't pay it, that's what the guarantee is there for.").

## IV.     PSTL's Notices and Demands, and JMC's Failure to Pay.

PSTL issued default notices to Unipower on at least three occasions: first on June 5, 2019; again on December 11, 2019; and finally on April 14, 2021.  SOF ¶¶ 32-34.  Despite these default notices, Unipower has not paid PSTL the outstanding balance relating to the Unpaid Invoices.  *Id.* ¶ 35.

On July 11, 2019, more than 30 days after issuing the first default notice to Unipower, PSTL sent a payment demand to JMC based on Unipower's then-outstanding past-due balance of $941,083.37.  SOF ¶ 41.  On May 24, 2021, more than 30 days after issuing the second and third default notices to Unipower, PSTL sent another payment demand to JMC based on Unipower's failure to satisfy the Unpaid Invoices.  *Id.* ¶ 42.  Despite these payment demands, JMC has not made any payment to PSTL under the Guaranty.  *Id.* ¶ 44.

## ARGUMENT

## I.     The Summary Judgment Standard.

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden to

demonstrate "the absence of a genuine issue of material fact," after which the burden shifts to the non-moving party to present "specific facts showing that there is a genuine issue for trial." *El v. Capiak*, 2019 WL 4572854, at *4 (D. Del. Sept. 20, 2019).

To avoid summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A genuine factual dispute exists only where the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere scintilla of evidence" in support of the non-moving party "is insufficient to defeat a motion for summary judgment; there must be evidence on which the jury could *reasonably* find for the nonmoving party." *Jones v. Pierce*, 2019 WL 6309854, at *3 (D. Del. Nov. 25, 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (emphasis added).

## II.   Unipower Is in Default under the MSA.

The record shows that the Unpaid Invoices are bona fide invoices issued by PSTL to Unipower in accordance with the MSA for which Unipower is responsible, and that Unipower has not paid them. PSTL issued the Unpaid Invoices based on products and parts it provided to Unipower at Unipower's request, pursuant to POs issued by Unipower. Unipower issued the POs for this exact purpose. *See* SOF ¶ 3

(POs are "issued by [Unipower] *for the purpose of ordering Products or Parts* to be manufactured and/or procured pursuant to [the MSA]" (emphasis added)).

Unipower's own accounting department independently reviewed and validated the Unpaid Invoices, as its former CFO, Mr. Kirk, confirmed.  SOF ¶ 30.  Mr. Kirk also testified that Unipower does not dispute the Unpaid Invoices and he could not think of any reason why Unipower did not pay them.  *Id.* ¶ 31.

Nor is there any dispute that Unipower has failed to pay the Unpaid Invoices, or that the applicable 60-day payment term under the MSA has long since expired.  SOF ¶¶ 4, 7, 9, 12, 15, 17, 19, 21, 24, 26, 29, 35.

Consequently, Unipower is in default under the MSA in the principal amount of $232,577.09, a balance established by the Unpaid Invoices.  Unipower has failed to remedy this default despite PSTL's three separate notices.  SOF ¶¶ 32-34.[3]

---

[3]   For the avoidance of doubt, PSTL contends that Unipower is in default under the MSA for amounts beyond the amount established by the Unpaid Invoices. There is one additional unpaid invoice for goods delivered, but Mr. Kirk testified that it had not been validated by Unipower's accounting department, and so PSTL omitted that invoice from this Motion out of an abundance of caution due to a potential dispute of fact regarding that invoice (although Mr. Kirk identified no actual dispute with the invoice). A139-40 (Kirk Tr. 68:20-69:7). Additionally, there is the excess and obsolete inventory obligation, part of which is addressed in PSTL's contemporaneously filed motion for partial summary judgment on that claim.

III.    **JMC Is Liable for the Unpaid Invoices Under the Guaranty.**

The Guaranty is an unambiguous contract, and the Court should construe it as

a matter of law.  *See JFE Steel Corp. v. ICI Americas, Inc.*, 797 F. Supp. 2d 452, 469

(D. Del. 2011).  JMC's obligations under the Guaranty are explicit and unequivocal:

> [JMC] hereby irrevocably and unconditionally guarantees to PSTL the
> payment of the Guaranteed Obligations as and when the same shall be
> due and payable.   [JMC] herby irrevocably and unconditionally
> covenants and agrees that ***it is liable for the Guaranteed Obligations***
> ***as a primary obligor***.

SOF ¶ 37; A026 (§ 1.1) (emphasis added).

The Unpaid Invoices are "Guaranteed Obligations" because they are bona fide

invoices issued by PSTL, they were issued by PSTL under and in accordance with

the terms and conditions of the MSA, and they are due and payable by Unipower.

SOF ¶ 38; *see* A026 (§ 1.2).  Unipower admits as much.  SOF ¶¶ 30-31.

Neither the MSA nor the Guaranty defines "bona fide," so the Court should

construe that term in accordance with its ordinary dictionary meaning.  *See Lorillard*

*Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 738 (Del. 2006) ("When a term's

definition is not altered or has no 'gloss' in the relevant industry it should be

construed in accordance with its ordinary dictionary meaning." (internal citation

omitted)).[4]  Black's Law Dictionary defines "bona fide" to mean "[m]ade in good

faith; without fraud or deceit" or "[s]incere; genuine."   Black's Law Dictionary

---

[4]    The Guaranty contains a Delaware choice-of-law provision.  *See* A029 (§ 4.4).

(11th ed. 2019).  Merriam Webster defines "bona fide" to mean "neither specious nor counterfeit," "genuine," "made with earnest intent," "sincere," and something made "in good faith without fraud or deceit."  *See* https://www.merriam-webster.com/dictionary/bona%20fide?src=search-dict-hed (last visited on August 18, 2021).  There is no evidence in the record whatsoever to suggest that the Unpaid Invoices are fraudulent or counterfeit, or that PSTL did not issue them in good faith.

In fact, all the evidence is that the Unpaid Invoices are bona fide.  PSTL issued the Unpaid Invoices pursuant to POs issued by Unipower.  SOF ¶¶ 6, 8, 11, 14, 16, 18, 20, 23, 28.  Unipower independently validated and agreed with the Unpaid Invoices.  *Id.* ¶ 30.  Mr. Kirk, Unipower's CFO when PSTL issued the Unpaid Invoices, testified that Unipower does not dispute the Unpaid Invoices and was unable to explain why Unipower had not paid them.  *Id.* ¶ 31.  These undisputed facts establish that the Unpaid Invoices are bona fide.

It is equally clear that PSTL issued the Unpaid Invoices in accordance with the MSA's terms and conditions, at set forth above.  Again, the Unpaid Invoices relate to products and parts that Unipower ordered from PSTL pursuant to POs.  Unipower issued these POs for the express purpose of ordering parts and products from PSTL.  SOF ¶ 3; A003 (§ 2.11).  After receiving the POs, PSTL provided the specified products or parts, as Unipower concedes.  *See* SOF ¶¶ 30-31.  PSTL then issued the Unpaid Invoices, matching Unipower's POs, pursuant to the MSA's

payment terms.  SOF ¶ 4; *see* A005 (§ 4.5).  There is no basis to contend that the Unpaid Invoices were not issued under or in accordance with the MSA's terms and conditions, let alone evidence supporting that contention.

## IV.   JMC's Failure to Pay the Unpaid Invoices Is a Breach of the Guaranty.

Breach of contract under Delaware law has three elements: "1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff." *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 238 A.3d 194, 202 (Del. Super. Ct. 2020).  Summary judgment is appropriate where, as here, a plaintiff establishes that there are no fact issues as to any of these elements and that, as a result, it is entitled to judgment as a matter of law.  *See Jordan v. Mirra*, 2019 WL 7037480, at *6 (D. Del. Dec. 20, 2019) (granting summary judgment on breach of contract claim where all three elements were established).

First, the Guaranty is a contractual obligation of JMC to PSTL.  Payment guarantees, like the Guaranty, are valid and enforceable under Delaware law.  *See, e.g.*, *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, 2021 WL 1170374, at *28 (D. Del. Mar. 29, 2021).  The Guaranty unambiguously (1) makes JMC responsible for Guaranteed Obligations and (2) requires JMC to pay any amount due on Guaranteed Obligations "immediately upon demand by PSTL."[5]  SOF ¶¶ 36-39. JMC admits that the Guaranty renders JMC liable for any bona fide invoices issued

---

[5]     PSTL provided 30-day notices of default to Unipower.  SOF ¶¶ 32-34.

under the MSA that Unipower fails to pay.  *Id.* ¶ 43.  And as explained above, the Unpaid Invoices are indisputably bona fide and were issued in accordance with the MSA.  Consequently, per its own admission, JMC is responsible for the Unpaid Invoices pursuant to the Guaranty.

Second, JMC's breach of the Guaranty is straightforward.  More than 30 days after providing Unipower with notice of its defaults and such defaults going uncured by Unipower, PSTL notified JMC of the Unpaid Invoices and demanded immediate payment.  SOF ¶¶ 32-35, 39, 41-42.  These demands triggered JMC's "irrevocabl[e] and unconditional[]" covenant to "immediately…pay the amount due on the Guaranteed Obligations [e.g., the Unpaid Invoices] to PSTL…."  A026 (§§ 1.1, 1.4). Yet, by its own admission, months after PSTL's most recent notice to JMC (and more than two years after the initial notice), JMC still has not "made any payments under the [Guaranty]" to PSTL for "Unipower's obligations."  SOF ¶ 44; A132-33 (Bero Tr. 255:22-256:1).   This failure is an unequivocal breach of JMC's responsibility to immediately pay Unipower's outstanding balance.  *See S.C. Johnson & Son, Inc. v. Dowbrands, Inc.*, 167 F. Supp. 2d 657, 669 (D. Del. 2001) (granting summary judgment to plaintiff based on guarantor's failure to pay attorney's fees and expenses pursuant to guarantee agreement).  Accordingly, the second element of PSTL's breach claim is satisfied.

14

Finally, the damages PSTL has suffered as a result of JMC's breach are clearly evidenced by the record.  Unipower's POs specified the unit price of the products and parts it asked PSTL to provide, and PSTL's invoices matched that agreed-upon price.  *Cf., e.g.*, A035 with A048 (both PO and corresponding invoice listing unit price of $453.75 for item MS0023G*900024).  Thus, the Unpaid Invoices, totaling $232,577.09 (SOF ¶ 35), based on the parties' agreed-upon pricing structure, are the measure of PSTL's damages flowing from JMC's breach. *See CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*, 2020 WL 2063924, at *15 (D. Del. Apr. 29, 2020) (awarding damages equal to amount of plaintiff's unpaid invoices for defendant's breach of software-services agreement).

Further, the balance of the Unpaid Invoices is subject to 1.5% monthly interest.  SOF ¶ 4; *see* A005 (§ 4.5) ("If [Unipower] fails to pay amounts due in accordance with the foregoing, [Unipower] shall pay one and one-half percent (1.5%) monthly interest on all late payments.").  Through July 2021, the interest due on the Unpaid Invoices is $93,930.51, as set forth on the table attached as Exhibit 27 to PSTL's Concise Statement of Facts.  *See* A153-60.

PSTL would not have suffered these damages but for Unipower's failure to timely pay the Unpaid Invoices and JMC's refusal to honor its independent obligations under the Guaranty.

15

As a result of JMC's breach, PSTL is also entitled under the plain terms of the Guaranty to recover its reasonable and documented costs and expenses, including court costs and reasonable attorney's fees, incurred in enforcing the Guaranty.  SOF ¶ 40; A027 (§ 1.6).

[*Remainder of Page Intentionally Blank*]

## **CONCLUSION**

For the foregoing reasons, PSTL respectfully requests that this Court award judgment in its favor, and against JMC, in the amount of $232,577.09 for the unpaid principal balance of the Unpaid Invoices, plus interest at a rate of 1.5% per month on the Unpaid Invoices totaling $93,930.51 through July 2021 and continuing to accrue thereafter, plus fees (including reasonable attorneys' fees) and costs, along with any other relief the Court deems necessary and proper.


/s/   William M. Alleman, Jr.
William M. Alleman, Jr. (No. 5449)
**BENESCH, FRIEDLANDER,**
   **COPLAN & ARONOFF LLP**

Of Counsel:
Andrew J. Jarzyna (*pro hac vice*)
**BENESCH, FRIEDLANDER,**
   **COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Il 60606
Phone: (312) 212-4950
Email:  ajarzyna@beneschlaw.com

1313 N. Market Street, Suite 1201
Wilmington, DE 19801-1611
Phone: (302) 442-7010
Email:  walleman@beneschlaw.com


*Attorneys for Plaintiff Power Systems Technologies, Ltd.*


Dated:  August 24, 2021

17

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order.  I certify that this document contains 3,603 words, which were counted using the word count feature of Microsoft Word, in 14-pt Times New Roman font.  The word count does not include the cover page, tables, or the counsel block.

/s/   *William M. Alleman, Jr.*
William M. Alleman, Jr. (No. 5449)
**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**

Of Counsel:
Andrew J. Jarzyna (*pro hac vice*)
**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Il 60606
Phone: (312) 212-4950
Email:  ajarzyna@beneschlaw.com

1313 N. Market Street, Suite 1201
Wilmington, DE 19801-1611
Phone: (302) 442-7010
Email:  walleman@beneschlaw.com

*Attorneys for Plaintiff Power Systems
Technologies, Ltd.*

Dated:  August 24, 2021

## CERTIFICATE OF SERVICE

I, William M. Alleman, Jr., hereby certify that on August 31, 2021, a true and correct copy of the foregoing *Plaintiff's Opening Brief in Support of its Motion for Partial Summary Judgment Regarding Unpaid Invoices (PUBLIC VERSION)* was served upon the following via e-mail:

John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th
Floor Wilmington, DE 19801

*Attorneys for Defendant*

    */s/ William M. Alleman, Jr.*
William M. Alleman, Jr. (I.D. No. 5449)